**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| IN RE:<br><br>**Stacie Jenise Allen,**<br>*aka* **Stazie Jenise Allen,**<br>         **Debtor.** | **CASE NO.: 23-57039-pmb**<br>**CHAPTER 7**<br>**JUDGE Paul M. Baisier** |
| **JPMorgan Chase Bank, N.A.,**<br>                             Movant,<br>v.<br><br>**Stacie Jenise Allen,**<br>         **Debtor,**<br>**S. Gregory Hays,**<br>         **Trustee,**<br>                    Respondents. | CONTESTED MATTER |

<u>**NOTICE OF HEARING**</u>

    **PLEASE TAKE NOTICE** that JPMorgan Chase Bank, N.A., has filed a Motion for Relief from the Automatic Stay and related papers with the Court seeking an order granting relief from the automatic stay.

    **PLEASE TAKE FURTHER NOTICE** that the Court will hold an initial telephonic hearing for announcements on the Motion for Relief from Automatic Stay at the following number: (toll-free number: 833-568-8864; meeting ID 161 706 9079, at 1:00 p.m. on October 16, 2023 in Courtroom 1202, United States Courthouse, 75 Ted Turner Drive, SW, Atlanta, Georgia 30303.

    Matters that need to be heard further by the Court may be heard by telephone, by video conference, or in person, either on the date set forth above or on some other day, all as determined by the Court in connection with this initial telephonic hearing. Please review the "Hearing Information" tab on the judge's webpage, which can be found under the "Dial-in and Virtual Bankruptcy Hearing Information" link at the top of the webpage for this Court, www.ganb.uscourts.gov, for more information.

    Your rights may be affected by the court's ruling on these pleadings. You should read these pleadings carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.) If you do not want the court to grant the relief sought in these pleadings or if you want the court to consider your views, then you and/or your attorney must attend the hearing. You may also file a written response to the pleading with the Clerk at the address stated

below, but you are not required to do so. If you file a written response, you must attach a certificate stating when, how and on whom (including addresses) you served the response. Mail or deliver your response so that it is received by the Clerk at least two business days before the hearing. The address of the Clerk's Office is Clerk, U. S. Bankruptcy Court, Suite 1340, 75 Ted Turner Drive, Atlanta Georgia 30303. You must also mail a copy of your response to the undersigned at the address stated below.

If a hearing on the motion for relief from the automatic stay cannot be held within thirty (30) days, Movant waives the requirement for holding a preliminary hearing within thirty days of filing the motion and agrees to a hearing on the earliest possible date. Movant consents to the automatic stay remaining in effect until the Court orders otherwise.

Date: August 25, 2023

> **Robertson, Anschutz, Schneid, Crane & Partners, PLLC**
>
> /s/ Andrea L. Betts
> Andrea L. Betts
> Georgia Bar # 432863
> 13010 Morris Rd., Suite 450
> Alpharetta, GA 30004
> Telephone: 470-321-7112
> Fax: 404-393-1425
> Email: abetts@raslg.com

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| IN RE:<br><br>**Stacie Jenise Allen,**<br>*aka* **Stazie Jenise Allen,**<br>    **Debtor.** | **CASE NO.: 23-57039-pmb**<br>**CHAPTER 7**<br>**JUDGE Paul M. Baisier** |
| **JPMorgan Chase Bank, N.A.,**<br>                    Movant,<br>v.<br><br>**Stacie Jenise Allen,**<br>    **Debtor,**<br>**S. Gregory Hays,**<br>    **Trustee,**<br>                Respondents. | CONTESTED MATTER |

## <u>MOTION FOR RELIEF FROM AUTOMATIC STAY</u>

COMES NOW, JPMorgan Chase Bank, N.A., (the "Movant"), by and through its undersigned counsel, moves for relief from the automatic stay and alleges as follows:

1.

The Court has jurisdiction over this matter pursuant to 11 U.S.C. § 362, FRBP 4001(a), and the various other applicable provisions of the United States Bankruptcy Code, Federal Rules of Bankruptcy Procedure, and the laws of the United States of America.

2.

Stacie Jenise Allen (hereinafter referred to as "Debtor"), filed a petition for relief under Chapter 7of the Bankruptcy Code on July 25, 2023.

3.

Respondents executed a Retail Installment Sale Contract – Simple Finance

Charge (With Arbitration Provision), in which Movant, retains a security interest in the vehicle, a 2019 Acura RDX (VIN: 5J8TC1H56KL016474), all of which is more fully described in the attached exhibits.

4.

Movant alleges that the Debtor is in default to Movant under the terms of the loan documents, having failed to make certain payments that have come due.  As of August 18, 2023, the monthly payments are $655.24 and the account is presently deliquent in the amount of $3,831.82.

5.

Movant further alleges that there appears to be no equity in the vehicle; the vehicle is not necessary for effective reorganization; and the vehicle is depreciating in value daily.  The approximate payoff under the loan documents is $33,879.62.   The vehicle is most recently valued at $29,975.00.

6.

Cause exists including the lack of adequate protection to grant Movant relief from the automatic stay so as to authorize Movant to recover and dispose of the vehicle.

7.

Pursuant to 11 U.S.C. § 362, Movant alleges that sufficient cause, including lack of adequate protection, exists for the automatic stay to be terminated.

WHEREFORE, Movant respectfully prays to the Court as follows:

    (a)  Hold a hearing pursuant to this Motion within thirty (30) days as is required under 11 U.S.C. Section 362(e);

(b) That after notice and hearing, grant Movant relief from the automatic

stay, so as to allow Movant unrestrained possession, custody and

control of the vehicle and be permitted to enforce its rights in

accordance with the terms of its security documents and applicable

state laws.

(c) That the court grant immediate relief and waive the requirement of

Bankruptcy Rule 4001(a)(3); and

(d) That the Court grant such other relief as is just and proper.

Date: August 25, 2023

**Robertson, Anschutz, Schneid, Crane
& Partners, PLLC**

/s/ Andrea L. Betts
Andrea L. Betts
Georgia Bar # 432863
13010 Morris Rd., Suite 450
Alpharetta, GA 30004
Telephone: 470-321-7112
Fax: 404-393-1425
Email: abetts@raslg.com

## CERTIFICATE OF SERVICE

I certify that I am over the age of 18 and that on August 25, 2023, I served a copy of the foregoing Notice of Hearing and Motion for Relief from Automatic Stay was served by electronic mail or by first class U.S. Mail, with adequate postage prepaid on the following persons or entities at the addresses stated:

Stacie Jenise Allen
92 Robin Ln
Riverdale, GA 30274

Karen King
King & King Law LLC
215 Pryor Street, S.W.
Atlanta, GA 30303

S. Gregory Hays
Hays Financial Consulting, LLC
Suite 555
2964 Peachtree Road
Atlanta, GA 30305

Office of the United States Trustee
362 Richard Russell Building
75 Ted Turner Drive, SW
Atlanta, GA 30303

Date: August 25, 2023

**Robertson, Anschutz, Schneid, Crane & Partners, PLLC**

/s/ Andrea L. Betts
Andrea L. Betts
Georgia Bar # 432863
13010 Morris Rd., Suite 450
Alpharetta, GA 30004
Telephone: 470-321-7112
Fax: 404-393-1425
Email: abetts@raslg.com

# SUPPORTING DOCUMENTS

**LAW 553-GA-ARB-e 4/20**

## RETAIL INSTALLMENT SALE CONTRACT – SIMPLE FINANCE CHARGE
### (WITH ARBITRATION PROVISION)

| Buyer Name and Address (Including County and Zip Code) | Co-Buyer Name and Address (Including County and Zip Code) | Seller-Creditor (Name and Address) |
|---|---|---|
| STACIE ALLEN 92 ROBIN LN RIVERDALE, CLOYTON, GA 30274 | N/A | ED VOYLES ACURA 5700 PEACHTREE INDUSTRIAL BLVD CHAMBLEE, GA 30341 |

You, the Buyer (and Co-Buyer, if any), may buy the vehicle below for cash or on credit. By signing this contract, you choose to buy the vehicle on credit under the agreements in this contract. You agree to pay the Seller - Creditor (sometimes "we" or "us" in this contract) the Amount Financed and Finance Charge in U.S. funds according to the payment schedule below. We will figure your finance charge on a daily basis. The Truth-In-Lending Disclosures below are part of this contract.

| New/Used | Year | Make and Model | Vehicle Identification Number | Primary Use For Which Purchased |
|---|---|---|---|---|
| USED | 2019 | ACURA RDX | 5J8TC1H56KL016474 | Personal, family, or household unless otherwise indicated below ☐ business ☐ agricultural ☐ N/A |

### FEDERAL TRUTH-IN-LENDING DISCLOSURES

| ANNUAL PERCENTAGE RATE The cost of your credit as a yearly rate. | FINANCE CHARGE The dollar amount the credit will cost you. | Amount Financed The amount of credit provided to you or on your behalf. | Total of Payments The amount you will have paid after you have made all payments as scheduled. | Total Sale Price The total cost of your purchase on credit, including your down payment of $ 1,000.00 is |
|---|---|---|---|---|
| 7.19 % | $ 9,125.60 | $ 38,416.72 | $ 47,542.32 | $ 48,542.32 |

**Returned Check Charge:** You agree to pay a charge equal to the greater of $30 or 5% of the check amount if any check you give us is dishonored and we make written demand that you do so.

**NOTICE: ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.**

If the goods or services are obtained primarily for business or agricultural use, Buyer will not assert against any subsequent holder or assignee of this contract any claims or defenses the Buyer (debtor) may have against the Seller, or against the manufacturer of the vehicle or equipment obtained under this contract, unless the law allows it.

### Your Payment Schedule Will Be:
(e) means an estimate

| Number of Payments | Amount of Payments | When Payments Are Due |
|---|---|---|
| 72 | $ 660.31 | Monthly beginning 01/22/2022 |
| One Final Payment Of | $ N/A | On N/A |
| N/A | | |

**Late Charge.** If payment is not received in full within ___10___ days after it is due, you will pay a late charge of $ ___50.00___ or ___5___ % of the part of the payment that is late, whichever is less.

**Prepayment.** If you pay early, you will not have to pay a penalty.

**Security Interest.** You are giving a security interest in the vehicle being purchased.

**Additional Information:** See this contract for more information including information about nonpayment, default, any required repayment in full before the scheduled date and security interest.

☐ VENDOR'S SINGLE INTEREST INSURANCE (VSI insurance): If the preceding box is checked, the Creditor requires VSI insurance for the initial term of the contract to protect the Creditor for loss or damage to the vehicle (collision, fire, theft, concealment, skip). VSI insurance is for the Creditor's sole protection. This insurance does not protect your interest in the vehicle. **You may choose the insurance company through which the VSI insurance is obtained.** If you elect to purchase VSI insurance through the Creditor, **the cost of this insurance is** $ N/A and is also shown in Item 4B of the Itemization of Amount Financed. The coverage is for the initial term of the contract.

**Agreement to Arbitrate:** By signing below, you agree that, pursuant to the Arbitration Provision on page 5 of this contract, you or we may elect to resolve any dispute by neutral, binding arbitration and not by a court action. See the Arbitration Provision for additional information concerning the agreement to arbitrate.

Buyer Signs X _Stacie Allen_      Co-Buyer Signs X _N/A_

This is not the Authoritative Copy.

**ITEMIZATION OF AMOUNT FINANCED**

1 Cash Price (including taxes of $ 2,363.72 ) $ 37,354.72 (1)

2 Total Downpayment =

Trade-in N/A
(Year) (Make) (Model)

Gross Trade-In Allowance $ N/A
Less Pay Off Made By Seller to N/A $ N/A
Equals Net Trade In $ N/A
+ Cash $ 1,000.00
+ Other N/A $ N/A
+ Other N/A $ N/A
+ Other N/A $ N/A
(If total downpayment is negative, enter "0" and see 4I below) $ 1,000.00 (2)

3 Unpaid Balance of Cash Price (1 minus 2) $ 36,354.72 (3)

4 Other Charges Including Amounts Paid to Others on Your Behalf
(Seller may keep part of these amounts):

A Cost of Optional Credit Insurance Paid to Insurance Company or Companies.
Life $ N/A
Disability $ N/A $ N/A

B Vendor's Single Interest Insurance Paid to Insurance Company $ N/A
C Other Optional Insurance Paid to Insurance Company or Companies $ N/A
D Optional Gap Contract $ 1,200.00
E Official Fees Paid to Government Agencies
to N/A for N/A $ N/A
to N/A for N/A $ N/A
to N/A for N/A $ N/A
F Government Taxes Not Included in Cash Price $ N/A
G Government License and/or Registration Fees
N/A
LICENSE AND REGISTRATION FEES $ 45.00
H Government Certificate of Title Fees $ 19.00
I Other Charges (Seller must identify who is paid and describe purpose.)
to N/A for Prior Credit or Lease Balance $ N/A
to DEALER for DOCUMENTATION FEE $ 798.00
to N/A for N/A $ N/A
to N/A for N/A $ N/A
to N/A for N/A $ N/A
to N/A for N/A $ N/A
to N/A for N/A $ N/A
to N/A for N/A $ N/A
to N/A for N/A $ N/A

Total Other Charges and Amounts Paid to Others on Your Behalf $ 2,062.00 (4)

5 Amount Financed (3 + 4) $ 38,416.72 (5)

**OPTION:** ☐ You pay no finance charge if the Amount Financed, item 5, is paid in full on or before
N/A , Year N/A . SELLER'S INITIALS N/A

**OPTIONAL GAP CONTRACT.** A gap contract (debt cancellation contract) is not required to obtain credit and will not be provided unless you sign below and agree to pay the extra charge. If you choose to buy a gap contract, the charge is shown in Item 4D of the Itemization of Amount Financed. See your gap contract for details on the terms and conditions it provides. It is a part of this contract.

Term 72 Mos. ENDURANCE
Name of Gap Contract

I want to buy a gap contract.

Buyer Signs X _[signature]_

---

**Insurance.** You may buy the physical damage insurance this contract requires from anyone you choose who is authorized to sell such insurance in Georgia. You may also provide the physical damage insurance through an existing policy owned or controlled by you that is acceptable to us. You are not required to buy any other insurance to obtain credit unless the box indicating Vendor's Single Interest Insurance is required is checked on page 1 of this contract.

If any insurance is checked below, policies or certificates from the named insurance companies will describe the terms and conditions.

**Check the insurance you want and sign below:**

**Optional Credit Insurance**

☐ Credit Life: ☐ Buyer ☐ Co-Buyer ☐ Both
☐ Credit Disability: ☐ Buyer ☐ Co-Buyer ☐ Both

Premium:
Credit Life $ N/A
Credit Disability $ N/A
Insurance Company Name N/A
N/A
Home Office Address N/A
N/A

Credit life insurance and credit disability insurance are not required to obtain credit. Your decision to buy or not buy credit life insurance and credit disability insurance will not be a factor in the credit approval process. They will not be provided unless you sign and agree to pay the extra cost. If you choose this insurance, the cost is shown in Item 4A of the Itemization of Amount Financed. Credit life insurance is based on your original payment schedule. This insurance may not pay all you owe on this contract if you make late payments. Credit disability insurance does not cover any increase in your payment or in the number of payments. Coverage for credit life insurance and credit disability insurance ends on the original due date for the last payment unless a different term for the insurance is shown below.

**Other Optional Insurance**

☐ N/A N/A
Type of Insurance Term
Premium $ N/A
Insurance Company Name N/A
N/A
Home Office Address N/A
N/A

☐ N/A N/A
Type of Insurance Term
Premium $ N/A
Insurance Company Name N/A
N/A
Home Office Address N/A
N/A

Other optional insurance is not required to obtain credit. Your decision to buy or not buy other optional insurance will not be a factor in the credit approval process. It will not be provided unless you sign and agree to pay the extra cost. I want the insurance checked above.

X N/A N/A
Buyer Signature Date

X N/A N/A
Co-Buyer Signature Date

**THIS INSURANCE DOES NOT INCLUDE INSURANCE ON YOUR LIABILITY FOR BODILY INJURY OR PROPERTY DAMAGE CAUSED TO OTHERS.**

This is not the Authoritative Copy.

**OTHER IMPORTANT AGREEMENTS**

**1. FINANCE CHARGE AND PAYMENTS**

**a. How we will figure Finance Charge.** We will figure the Finance Charge on a daily basis at the Annual Percentage Rate on the unpaid part of the Amount Financed.

**b. How we will apply payments.** We may apply each payment to the earned and unpaid part of the Finance Charge, to the unpaid part of the Amount Financed and to other amounts you owe under this contract in any order we choose as the law allows.

**c. How late payments or early payments change what you must pay.** We based the Finance Charge, Total of Payments, and Total Sale Price shown on page 1 of this contract on the assumption that you will make every payment on the day it is due. Your Finance Charge, Total of Payments, and Total Sale Price will be more if you pay late and less if you pay early. Changes may take the form of a larger or smaller final payment or, at our option, more or fewer payments of the same amount as your scheduled payment with a smaller final payment. We will send you a notice telling you about these changes before the final scheduled payment is due.

**d. You may prepay.** You may prepay all or part of the unpaid part of the Amount Financed at any time without penalty. If you do so, you must pay the earned and unpaid part of the Finance Charge and all other amounts due up to the date of your payment.

**2. YOUR OTHER PROMISES TO US**

**a. If the vehicle is damaged, destroyed, or missing.** You agree to pay us all you owe under this contract even if the vehicle is damaged, destroyed, or missing.

**b. Using the vehicle.** You agree not to remove the vehicle from the U.S. or Canada, or to sell, rent, lease, or transfer any interest in the vehicle or this contract without our written permission. You agree not to expose the vehicle to misuse, seizure, confiscation, or involuntary transfer. If we pay any repair bills, storage bills, taxes, fines, or charges on the vehicle, you agree to repay the amount when we ask for it.

**c. Security Interest.**
You give us a security interest in:
• The vehicle and all parts or goods put on it;
• All money or goods received (proceeds) for the vehicle;
• All insurance, maintenance, service, or other contracts we finance for you; and
• All proceeds from insurance, maintenance, service, or other contracts we finance for you. This includes any refunds of premiums or charges from the contracts.
This secures payment of all you owe on this contract. It also secures your other agreements in this contract. You will make sure the title shows our security interest (lien) in the vehicle. You will not allow any other security interest to be placed on the title without our written permission.

**d. Insurance you must have on the vehicle.**
You agree to have physical damage insurance covering loss of or damage to the vehicle for the term of this contract. The insurance must cover our interest in the vehicle. You agree to name us on your insurance policy as an additional insured and as loss payee. If you do not have this insurance, we may, if we choose, buy physical damage insurance. If we decide to buy physical damage insurance, we may either buy insurance that covers your interest and our interest in the vehicle, or buy insurance that covers only our interest. If we buy either type of insurance, we will tell you which type and the charge you must pay. The charge will be the premium for the insurance and a finance charge computed at the Annual Percentage Rate shown on page 1 of this contract or, at our option, the highest rate the law permits.
If the vehicle is lost or damaged, you agree that we may use any insurance settlement to reduce what you owe or repair the vehicle.

**e. What happens to returned insurance, maintenance, service, or other contract charges.** If we obtain a refund of insurance, maintenance, service, or other contract charges, you agree that we may subtract the refund from what you owe.

**3. IF YOU PAY LATE OR BREAK YOUR OTHER PROMISES**

**a. You may owe late charges.** You will pay a late charge on each late payment as shown on page 1 of this contract. Acceptance of a late payment or late charge does not excuse your late payment or mean that you may keep making late payments. If you pay late, we may also take the steps described below.

**b. You may have to pay all you owe at once.** If you break your promises (default), we may demand that you pay all you owe on this contract at once. Default means:
• You do not pay any payment on time;
• You give false, incomplete, or misleading information during credit application;
• You start a proceeding in bankruptcy or one is started against you or your property; or
• You break any agreements in this contract.
The amount you will owe will be the unpaid part of the Amount Financed plus the earned and unpaid part of the Finance Charge, any late charges, and any amounts due because you defaulted.

**c. You may have to pay collection costs.** If we hire an attorney to collect what you owe, you will pay 15% of the amount you owe as attorney's fees, plus court costs. We will charge only attorney's fees and court costs the law permits.

**d. We may take the vehicle from you.** If you default, we may take (repossess) the vehicle from you if we do so peacefully and the law allows it. If your vehicle has an electronic tracking device (such as GPS), you agree that we may use the device to find the vehicle. If we take the vehicle, any accessories, equipment, and replacement parts will stay with the vehicle. If any personal items are in the vehicle, we may store them for you. If you do not ask for these items back, we may dispose of them as the law allows.

**e. How you can get the vehicle back if we take it.** If we repossess the vehicle, you may pay to get it back (redeem). We will tell you how much to pay to redeem. Your right to redeem ends when we sell the vehicle.

**f. We will sell the vehicle if you do not get it back.** If you do not redeem, we will sell the vehicle. We will send you a written notice of sale before selling the vehicle.
We will apply the money from the sale, less allowed expenses, to the amount you owe. Allowed expenses are expenses we pay as a direct result of taking the vehicle, holding it, preparing it for sale, and selling it. Attorney fees and court costs the law permits are also allowed expenses. If any money is left (surplus), we will pay it to you unless the law requires us to pay it to someone else. If money from the sale is not enough to pay the amount you owe, you must pay the rest to us. If you do not pay this amount when we ask, we may charge you interest at a rate not exceeding the highest lawful rate until you pay.

**g. What we may do about optional insurance, maintenance, service, or other contracts.** This contract may contain charges for optional insurance, maintenance, service, or other contracts. If we demand that you pay all you owe at once or we repossess the vehicle, you agree that we may claim benefits under these contracts and cancel them to obtain refunds of unearned charges to reduce what you owe or repair the vehicle. If the vehicle is a total loss because it is confiscated, damaged, or stolen, we may claim benefits under these contracts and cancel them to obtain refunds of unearned charges to reduce what you owe.

This is not the Authoritative Copy.

This is not the Authoritative Copy.

4. **WARRANTIES SELLER DISCLAIMS**

**Unless the Seller makes a written warranty, or enters into a service contract within 90 days from the date of this contract, the Seller makes no warranties, express or implied, on the vehicle, and there will be no implied warranties of merchantability or of fitness for a particular purpose.**

This provision does not affect any warranties covering the vehicle that the vehicle manufacturer may provide.

5. **Used Car Buyers Guide. The information you see on the window form for this vehicle is part of this contract. Information on the window form overrides any contrary provisions in the contract of sale.**

**Spanish Translation: Guía para compradores de vehículos usados. La información que ve en el formulario de la ventanilla para este vehículo forma parte del presente contrato. La información del formulario de la ventanilla deja sin efecto toda disposición en contrario contenida en el contrato de venta.**

6. **SERVICING AND COLLECTION CONTACTS**

You agree that we may try to contact you in writing, by e-mail, or using prerecorded/artificial voice messages, text messages, and automatic telephone dialing systems, as the law allows. You also agree that we may try to contact you in these and other ways at any address or telephone number you provide us, even if the telephone number is a cell phone number or the contact results in a charge to you.

**APPLICABLE LAW**

Federal law and the law of the state of Georgia apply to this contract.

**Electronic Contracting and Signature Acknowledgment.** You agree that (i) this contract is an electronic contract executed by you using your electronic signature, (ii) your electronic signature signifies your intent to enter into this contract and that this contract be legally valid and enforceable in accordance with its terms to the same extent as if you had executed this contract using your written signature and (iii) the authoritative copy of this contract ("Authoritative Copy") shall be that electronic copy that resides in a document management system designated by us for the storage of authoritative copies of electronic records, which shall be deemed held by us in the ordinary course of business. Notwithstanding the foregoing, if the Authoritative Copy is converted by printing a paper copy which is marked by us as the original (the "Paper Contract"), then you acknowledge and agree that (1) your signing of this contract with your electronic signature also constitutes issuance and delivery of such Paper Contract, (2) your electronic signature associated with this contract, when affixed to the Paper Contract, constitutes your legally valid and binding signature on the Paper Contract and (3) subsequent to such conversion, your obligations will be evidenced by the Paper Contract alone.



---

**NO COOLING OFF PERIOD**

**State law does not provide for a "cooling off" or cancellation period for this sale. After you sign this contract, you may only cancel it if the seller agrees or for legal cause. You cannot cancel this contract simply because you change your mind.**

---

# ARBITRATION PROVISION

## PLEASE REVIEW - IMPORTANT - AFFECTS YOUR LEGAL RIGHTS

1. **EITHER YOU OR WE MAY CHOOSE TO HAVE ANY DISPUTE BETWEEN US DECIDED BY ARBITRATION AND NOT IN COURT OR BY JURY TRIAL.**
2. **IF A DISPUTE IS ARBITRATED, YOU WILL GIVE UP YOUR RIGHT TO PARTICIPATE AS A CLASS REPRESENTATIVE OR CLASS MEMBER ON ANY CLASS CLAIM YOU MAY HAVE AGAINST US INCLUDING ANY RIGHT TO CLASS ARBITRATION OR ANY CONSOLIDATION OF INDIVIDUAL ARBITRATIONS.**
3. **DISCOVERY AND RIGHTS TO APPEAL IN ARBITRATION ARE GENERALLY MORE LIMITED THAN IN A LAWSUIT, AND OTHER RIGHTS THAT YOU AND WE WOULD HAVE IN COURT MAY NOT BE AVAILABLE IN ARBITRATION.**

Any claim or dispute, whether in contract, tort, statute or otherwise (including the interpretation and scope of this Arbitration Provision, and the arbitrability of the claim or dispute), between you and us or our employees, agents, successors or assigns, which arises out of or relates to your credit application, purchase or condition of this vehicle, this contract or any resulting transaction or relationship (including any such relationship with third parties who do not sign this contract) shall, at your or our election, be resolved by neutral, binding arbitration and not by a court action. If federal law provides that a claim or dispute is not subject to binding arbitration, this Arbitration Provision shall not apply to such claim or dispute. Any claim or dispute is to be arbitrated by a single arbitrator on an individual basis and not as a class action. You expressly waive any right you may have to arbitrate a class action. You may choose the American Arbitration Association (www.adr.org) or any other organization to conduct the arbitration subject to our approval. You may get a copy of the rules of an arbitration organization by contacting the organization or visiting its website.

Arbitrators shall be attorneys or retired judges and shall be selected pursuant to the applicable rules. The arbitrator shall apply governing substantive law and the applicable statute of limitations. The arbitration hearing shall be conducted in the federal district in which you reside unless the Seller-Creditor is a party to the claim or dispute, in which case the hearing will be held in the federal district where this contract was executed. We will pay your filing, administration, service or case management fee and your arbitrator or hearing fee all up to a maximum of $5000, unless the law or the rules of the chosen arbitration organization require us to pay more. The amount we pay may be reimbursed in whole or in part by decision of the arbitrator if the arbitrator finds that any of your claims is frivolous under applicable law. Each party shall be responsible for its own attorney, expert and other fees, unless awarded by the arbitrator under applicable law. If the chosen arbitration organization's rules conflict with this Arbitration Provision, then the provisions of this Arbitration Provision shall control. Any arbitration under this Arbitration Provision shall be governed by the Federal Arbitration Act (9 U.S.C. § 1 et seq.) and not by any state law concerning arbitration. Any award by the arbitrator shall be in writing and will be final and binding on all parties, subject to any limited right to appeal under the Federal Arbitration Act.

You and we retain the right to seek remedies in small claims court for disputes or claims within that court's jurisdiction, unless such action is transferred, removed or appealed to a different court. Neither you nor we waive the right to arbitrate by using self-help remedies, such as repossession, or by filing an action to recover the vehicle, to recover a deficiency balance, or for individual injunctive relief. Any court having jurisdiction may enter judgment on the arbitrator's award. This Arbitration Provision shall survive any termination, payoff or transfer of this contract. If any part of this Arbitration Provision, other than waivers of class action rights, is deemed or found to be unenforceable for any reason, the remainder shall remain enforceable. If a waiver of class action rights is deemed or found to be unenforceable for any reason in a case in which class action allegations have been made, the remainder of this Arbitration Provision shall be unenforceable.

*The Annual Percentage Rate may be negotiable with the Seller. The Seller may assign this contract and retain its right to receive a part of the Finance Charge.*

**HOW THIS CONTRACT CAN BE CHANGED.** This contract contains the entire agreement between you and us relating to this contract. Any change to this contract must be in writing and we must sign it. No oral changes are binding.

Buyer Signs X _Stan Allen_                Co-Buyer Signs X _N/A_

If any part of this contract is not valid, all other parts stay valid. We may delay or refrain from enforcing any of our rights under this contract without losing them. For example, we may extend the time for making some payments without extending the time for making others.

**See the rest of this contract for other important agreements.**

**NOTICE TO THE BUYER: Do not sign this contract before you read it or if it contains any blank spaces. You are entitled to an exact copy of the contract you sign.**

**You agree to the terms of this contract. You confirm that before you signed this contract, we gave it to you, and you were free to take it and review it. You acknowledge that you have read all pages of this contract, including the arbitration provision above, before signing below. You confirm that you received a completely filled-in copy when you signed it.**

Buyer Signs X _Stan Allen_    Date _12/08/2021_    Co-Buyer Signs X _N/A_    Date _N/A_

Buyer Printed Name STACIE ALLEN    Co-Buyer Printed Name _N/A_

If the "business" use box is checked in "Primary Use for Which Purchased": Print Name _N/A_    Title _N/A_

Co-Buyers and Other Owners — A co-buyer is a person who is responsible for paying the entire debt. An other owner is a person whose name is on the title to the vehicle but does not have to pay the debt. The other owner agrees to the security interest in the vehicle given to us in this contract.

Other owner signs here X _N/A_    Date _N/A_    Address _N/A_

Seller signs ED VOYLES ACURA    Date _12/08/2021_    By X _____    Title F & I Mgr

This is not the Authoritative Copy.

**LAW** FORM NO. 553-GA-ARB-e (REV. 4/20)
©2020 The Reynolds and Reynolds Company
THERE ARE NO WARRANTIES, EXPRESS OR IMPLIED, AS TO CONTENT OR FITNESS FOR PURPOSE OF THIS FORM. CONSULT YOUR OWN LEGAL COUNSEL.

**CHASE ○ Auto**

PO Box 182055
Columbus, OH 43218-2055

**STACIE ALLEN**
92 ROBIN LN
RIVERDALE GA  30274-3649

February 14, 2022

| | |
|---|---|
| **Account Number:** | Ending in 3903 |
| **Vehicle:** | 2019 ACURA RDX |
| **VIN:** | 5J8TC1H56KL016474 |

# Update: **We reduced the interest rate on your account**

Dear STACIE ALLEN:

Thank you for being our customer. We lowered your interest rate to 6.9200000%. We applied this rate back to the original date of your loan.

If you make automatic payments using chase.com or another bill pay provider, update your scheduled payment to reflect the new amount of $655.24. Your next payment is due on 02/22/2022.

You can see your payment amount and interest rate now on chase.com. Your payment and principal balance will be on your next statement.

If you have questions, please call us at 1-800-223-5050.

Sincerely,

Chase Auto Finance

Esta carta contiene información importante de la cuenta.
Si tiene alguna pregunta, por favor llame al 1-800-223-5050.

# Georgia Certificate of Title

**DISCLAIMER: DO NOT ACCEPT THIS TITLE WITHOUT THE SECURITY THREAD LOCATED APPROXIMATELY TWO INCHES FROM LEFT EDGE.**

| VEHICLE IDENTIFICATION NUMBER | MAKE | YEAR | TYPE OF BODY | MODEL | ODOMETER | CYL | DATE ISSUED |
|---|---|---|---|---|---|---|---|
| 5J8TC1H56KL016474 | ACURA | 2019 | MULTI-PURPOSE V | RDX | 069688 | 4 | 07/08/2023 |
| 5J8TC1H56KL016474 | | | | | 069688 | | |

| DATE VEHICLE PUR | FUEL | NEW OR USED | PREVIOUS TITLE NBR / STATE OF ISSUE | NBR OF LIENS | COLOR | CURRENT TITLE NUMBER |
|---|---|---|---|---|---|---|
| 12/08/2021 | GASOLINE | Used | ▮▮▮▮▮ /GA | 1 | WHI / WHI | |

JPMORGAN CHASE BANK NA
PO BOX 4420
WILMINGTON OH 45177-4420

## OWNER

STACIE JENISE ALLEN
92 ROBIN LN
RIVERDALE GA 30274-3649

### 1ST LIEN OR SECURITY INTEREST

JPMORGAN CHASE BANK NA
14800 FRYE RD
FORT WORTH TX 76155-2732

### 2ND LIEN OR SECURITY INTEREST

### 3RD LIEN OR SECURITY INTEREST

The Georgia Department of Revenue issued this title pursuant to the Motor Vehicle Certificate of Title Act and this title is subject to its provisions. The Department certifies that on application duly made the person named herein is registered as the lawful owner of the vehicle described subject to any liens or security interests set forth and such liens or security interests as may subsequently be filed with the Commissioner.

*Frank M. O'Connell*

STATE REVENUE COMMISSIONER

## RELEASE OF LIEN OR SECURITY INTEREST

| | DATE OF RELEASE | SECURITY INTEREST HOLDER | AUTHORIZED AGENT |
|---|---|---|---|
| 1ST LIEN | | | BY |
| 2ND LIEN | | | BY |
| 3RD LIEN | | | BY |

```
CTL2 001  CTL3 000  CTL4 0000  ACCT            3903        EFF DATE          08/18/23
CTL2 001  CTL3 000  CTL4 0000  CUST                        LEGAL STAT = L
                                                           SIMPLE INT - FIXED RATE
PAYOFF              33879.62    ******** RATES *********   AUTO DR                 N
ORIG LOAN AMT       38416.72    CURR RATE      6.9200000   PROD TYPE            IRFC
ORIG PROCEEDS       38416.72    ORIG RATE      7.1900000   PRIM OFFICER         CAF
LT CHG DUE            310.86    PER DIEM       6.0413040   GL KEY 01   001  3493 1
FEES DUE             900.00    ********* DATES ********    CALL CODE           06B0
CURRENT PRIN        31865.26    CONTRACT DATE  12/08/21    ***** REPAYMENTS *****
CURRENT INT          803.50    CURR MATURITY  12/22/27    CURR TERM             72
**************************     CLOSED DATE                 PYMTS MADE            15
REG PYMT AMT         655.24    NEXT DUE DATE  08/22/23    PYMTS REM             57
NEXT DUE AMT         655.24    PAST DUE DATE  04/22/23    MONTHS EXTD 000   REN N
PAST DUE AMT        2620.96    LAST MAINT DT  08/17/23    YTD INT COLL      618.96
**************************     LST BAL CHG DT 04/07/23    INT COL PREV     2663.25
STACIE ALLEN                                               ***** CREDIT HIST *****
92 ROBIN LN                                               010 030 060 090 120 150
                                    COLLATERAL            006 004 002 001 000 000
RIVERDALE               GA 30274-3649 CODE: AU
PH                              DESC: 2019 ACURA          RDX
PF3-ADDL INFO    PF9-CUST INFO   PF10-ENDORSER INFO
```

Date: 08-18-2023 Time: 15:38:52.90

# J.D. POWER

8/18/2023

J.D. POWER Used Cars/Trucks

## Vehicle Information

| | |
|---|---|
| Vehicle: | **2019 Acura RDX Utility 4D Technology 2.0L I4 Turbo** |
| Region: | **Southeastern** |
| Period: | **August 18, 2023** |
| VIN: | **5J8TC1H56KL016474** |
| Mileage: | **62,500** |
| Base MSRP: | **$40,500** |
| Typically Equipped MSRP: | **$41,595** |
| Weight: | **3,790** |



## J.D. POWER Used Cars/Trucks Values

| | Base | Mileage Adj. | Option Adj. | Adjusted Value |
|---|---|---|---|---|
| **Monthly** | | | | |
| **Trade-In** | | | | |
| Rough | $24,700 | N/A | N/A | **$24,700** |
| Average | $26,450 | N/A | N/A | **$26,450** |
| Clean | $27,900 | N/A | N/A | **$27,900** |
| | | | | |
| Clean Loan | $25,125 | N/A | N/A | **$25,125** |
| Clean Retail | $29,975 | N/A | N/A | **$29,975** |